RECEIVED

2005 MAY -2 P 3: 57

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DIS

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **SHIRLEY MAHONE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | Case No.: 2:05cv405-D |
| **v.** | § | |
| | § | |
| **HARRAH'S ALABAMA** | § | |
| **CORPORATION, d/b/a HARRAH'S** | § | |
| **ENTERTAINMENT CENTER,** *et al,* | § | |
| | § | |
| **Defendants.** | | |

## NOTICE OF REMOVAL

TO:    The United States District Court for the Middle District of Alabama:

PLEASE TAKE NOTICE that Harrah's Alabama Corporation hereby removes this action pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446 from the Circuit Court of Montgomery County, Alabama to the United States District Court for the Middle District of Alabama, and respectfully states to this Court as follows:

1.      This case arises out of a jackpot allegedly won by Plaintiff, Shirley Mahone, while an invitee at the Tallapoosa Entertainment Center, a gaming facility operated by P.C.I. Gaming (the gaming enterprise of the Poarch Band of Creek Indians) on Indian (tribal) reservation land in Montgomery County, Alabama.   The Plaintiff claims that on March 10, 2005 she played a gaming machine and won a jackpot for $7,067,907.04, but that Defendant Harrah's Alabama Corporation only offered to pay the Plaintiff $1,000.00.

2.      On April 4, 2005, Plaintiff Shirley Mahone commenced a civil action against Harrah's Alabama Corporation, P.C.I. Gaming employees George Baker and Silke Johnson, and

certain fictitious defendants by filing a complaint ("Complaint") in the Circuit Court of Montgomery County, Alabama.

3.      On or about April 5, 2005, Harrah's Alabama Corporation was served with a copy of Plaintiff's Complaint.  Baker was served on or about April 5, 2005 and Johnson on April 11, 2005. A copy of the Summons and Complaint is attached hereto as **Exhibit "A."**

4.      For the reasons described below, this Court has jurisdiction over the state court action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, it is between citizens of different states, and it concerns the jurisdiction of the Tribal Court of the Poarch Band of Creek Indians.

## I.     HARRAH'S ALABAMA CORPORATION HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

5.      This Notice of Removal is being timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of service on all properly served defendants.

6.      The United States District Court for the Middle District of Alabama (Northern Division) embraces the county in which the state court action is now pending.  Therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. §§ 90(a)(2) & 1441(a).

7.      All of the properly joined and served defendants consent to this removal.[1]

8.      Pursuant to 28 U.S.C. § 1446(d), Defendant Harrah's Alabama Corporation is filing written notice of this removal with the Clerk of the State Court in which the action is

---

[1] 28 U.S.C. § 1441(b) does not bar removal.  It is well-settled that co-defendants who are fraudulently joined or not served need not join in the removal.  *See Getty Oil Corp. v. Ins. Co. of N. Amer.*, 841 F.2d 1254, 1261 n.9 (5th Cir. 1988); *Williams v. Atl. Coast Line R.R. Co.*, 294 F. Supp. 815, 816 (S.D. Ga. 1968). The Individual Defendants are fraudulently joined and therefore need not consent to removal.

currently pending. Copies of the Notice of Filing Notice of Removal, together with this Notice of Removal, are being served upon Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

## II. REMOVAL IS PROPER IN THIS CASE BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

### A. The Amount In Controversy Exceeds $75,000.

9.      It is apparent from the face of the Complaint that the Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of costs and interest. The Complaint seeks the recovery of $7,067,907.04, which the Plaintiff claims is due from the alleged jackpot. [*See* Compl., ¶¶ 7, 15, 16, 21]. The Plaintiff also claims compensatory damages for her lost investment, interest, mental anguish and emotional distress as well as punitive damages. [*See* Compl., ¶ 21 and the WHEREFORE paragraphs]. Accordingly, the amount in controversy is sufficient to invoke the jurisdiction of this Court.

### B. Diversity Of Citizenship Exists.

10.     There is complete diversity between Plaintiff and Defendant Harrah's Alabama Corporation.

11.     According to the Complaint, Plaintiff is, and was at the time this suit was commenced, a resident and citizen of the State of Alabama. [*See* Compl., ¶ 1].

12.     Defendant Harrah's Alabama Corporation is, and was at the time this suit was commenced, a corporation organized under the laws of the State of Nevada with its principal place of business in Las Vegas, Nevada and, therefore, is a citizen of Nevada for purposes of determining diversity. *See* 28 U.S.C. § 1332(c)(1).

13.     The Complaint includes a number of fictitious defendants, whose citizenship is ignored for removal purposes. *See* 28 U.S.C. § 1441(a).

3

14.     For the reasons set forth below, individual defendants George Baker and Silke Johnson are fraudulently joined.  Therefore, although alleged to be residents of the State of Alabama, their citizenship must be ignored for removal purposes.  *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds, Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000).  A defendant is fraudulently joined when there is no "reasonable basis for predicting" that a state court might impose liability on the resident defendant.  *See Crowe v. Coleman*, 113 F.3d 1536, 1542 (11th Cir. 1997).  *Accord Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir. 2002) (recognizing that a "reasonable" basis to predict that plaintiff could prevail on the claims against an in-state defendant requires more than a "theoretical" possibility).  The Complaint includes claims for Fraud (Count I), Breach of Contract (Count II), Defamation (Count III), and Conspiracy (Count IV).  Here, there is no reasonable basis for predicting liability against Baker and Johnson because they are entitled to tribal sovereign immunity, the only court of competent jurisdiction over Baker and Johnson is the Tribal Court of the Poarch Band of Creek Indians, and the Complaint fails to state any claim against them.

15.     First, as employees for a federally recognized Indian tribe and because the actions made the basis of this suit occurred solely on Indian reservation (tribal) property, held in trust by the federal government, Baker and Johnson are entitled to tribal sovereign immunity.  *See, e.g., Trudgeon v. Fantasy Springs Casino*, 84 Cal.Rptr.2d 65 (Cal. App., 4th Dist. 1999)(affirming dismissal of claims against non-Indian employees due to application of tribal sovereign immunity); *Bassett v. Mashantucket Pequot Museum and Research Center, Inc.*, 221 F.Supp.2d 271 (D. Conn. 2002)(same); *Romanella v. Hayward*, 933 F.Supp. 163, 167-68 (D. Conn. 1996) *aff'd Romanella v. Hayward*, 114 F.3d 15 (2nd Cir. 1997).

16.     Second, as an action occurring on tribal property and because Baker and Johnson were at all relevant times employees of a federally recognized Indian tribe, this Court (and any state court) is without subject matter jurisdiction for the claims asserted against Baker and Johnson. Jurisdiction lies solely in the Tribal Court of the Poarch Band of Creek Indians. *See, e.g., Diepenbrock v. Merkel*, 97 P.2d 1063 (Kan. Ct. App. 2004); *Hartley v. Baca*, 97 N.M. 441 (N.M. App. 1981); *Klammer v. Lower Sioux Convenience Store*, 535 N.W.2d 379 (Minn. App. 1995); *Bank One v. Brainard*, 144 F.Supp.2d 640 (S.D. Miss. 2001).

17.     Third, the Plaintiff makes no specific factual allegations against Baker and Johnson with respect to any of her claims. Instead, she makes broad conclusory claims against the Defendants collectively, while including no specific factual allegations to support such claims against Baker and Johnson. Indeed, the only specific reference made in the Complaint to Baker and Johnson is that they "defamed the Plaintiff and published said defamatory accusations to third parties." [*See* Compl., ¶ 27]. No reference is made to how Baker and Johnson defamed the Plaintiff, what was allegedly published, nor to whom anything was published. In fact, in the context of the nature of this lawsuit (i.e., payment on an alleged jackpot), an allegation of defamation simply makes no sense.

18.     Moreover, to the extent that Plaintiff may maintain that the fraud claim is asserted against Baker and Johnson, the Complaint is totally deficient because the Plaintiff has failed to plead any such claim with the degree of particularity required by both the Alabama and Federal Rules of Civil Procedure. *See Ala. R. Civ. P.* 9(b); *Fed. R. Civ. P.* 9(b); *Wakeland v. Brown & Williamson Tobacco Corp.*, 996 F. Supp. 1213, 1221 (S.D. Ala. 1998) (failure to allege particular facts supporting claims against "defendants" violated Rule 9(b) and resulted in finding of

5

fraudulent joinder); *Smith v. National Security Insurance Company*, 860 So. 2d 343, 346-47 (Ala. 2003).

19.    Likewise, any claim for conspiracy fails to state a claim since it barred by the intracorporate conspiracy doctrine and the Plaintiff has failed to plead any underlying wrongful conduct by Johnson and Baker.

20.    For these reasons, Baker and Johnson are fraudulently joined. *See, e.g., Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001) (non-diverse employee defendants fraudulently joined where "plaintiff failed to tie these defendants to the underlying allegations of the complaint"); *Lyons v. Am. Tobacco Co.*, No. Civ. A. 96-0881-BH-S, 1997 WL 809677, at *5 (S.D. Ala. Sept. 30, 1997) (There is "no better admission of fraudulent joinder of [the Resident Defendants]" than the failure of the Plaintiff "to set forth any specific factual allegations" against them.); *In re Rezulin Prods. Liab. Litig*, 168 F. Supp. 2d 136, 140 (S.D.N.Y. 2001) (pharmaceutical representatives were fraudulently joined where plaintiffs made "no specific allegations" against them).

III.    **REMOVAL IS PROPER BECAUSE THIS COURT HAS FEDERAL QUESTION JURISDICTION TO THE EXTENT THE PLAINTIFF CHALLENGES THE JURISDICTION OF THE TRIBAL COURT OF THE POARCH BAND OF CREEK INDIANS.**

21.    The instant dispute concerns issues that challenge the jurisdiction of the Tribal Court of the Poarch Band of Creek Indians. Issues of this sort invoke the federal question jurisdiction of this Court. *See El Paso Natural Gas Co. v. Neztsosie*, 526 U.S. 473, 483-84 (1999); *National Farmers Union Ins. Cos. v. Crow Tribe*, 471 U.S. 845 (1985).

WHEREFORE, Defendant Harrah's Alabama Corporation respectfully removes this action from the Circuit Court of Montgomery County, Alabama, bearing civil action number CV-05-724, to this Court, pursuant to 28 U.S.C. § 1441.

DATED this _2nd_ day of May, 2005.

Respectfully submitted,

R. AUSTIN HUFFAKER, JR. (ASB-3422-F55R)
Attorney for Defendant
Harrah's Alabama Corporation

RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101
Telephone: (334) 206-3100
Facsimile: (334) 262-6277
Email: RAH2@RSJG.COM

7

## CERTIFICATE OF SERVICE

I do hereby certify that on the ___2nd___ day of May, 2005, I caused a true and correct copy of the foregoing document to be served *by United States Mail* to the following counsel of record:

Christopher E. Sanspree
Beasley, Allen, Crow, Methvin, Portis & Miles P.C.
Post Office Box 4160
Montgomery, AL  36103

OF COUNSEL

8

## IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

SHIRLEY MAHONE,                          *
                                         *
    Plaintiff,                            *
                                         *
vs.                                      *
                                         *    CV-___OS - 724___
                                         *
HARRAH'S ALABAMA                         *
CORPORATION D/B/A HARRAH'S               *
ENTERTAINMENT CENTER;                    *
GEORGE BAKER; SILKE JOHNSON;             *
and Fictitious defendants                *
"A", "B", and "C", whether               *
singular or plural, are those            *
other persons, corporations, firms, or   *
other entities whose wrongful conduct    *
caused or contributed to cause the       *
injuries and damages to the Plaintiff,   *
all of whose true and correct names are  *
unknown to Plaintiff at this time, but will *
be substituted by amendment when         *
ascertained,                             *
                                         *
    Defendants.

## COMPLAINT

## STATEMENT OF THE PARTIES

1.    Plaintiff Shirley Mahone is over the age of nineteen (19) and is a resident Citizen of Montgomery County, Alabama.

2.    Defendant, Harrah's Alabama Corporation d/b/a Harrah's Entertainment Center, (hereinafter referred to as "Harrah's") is a domestic corporation with its principle place of business in Montgomery County, Alabama.

3.    Defendant George Baker is over the age of 19 years and is believed to be a resident citizen of Montgomery County, Alabama.

4.    Defendant Silke Johnson is over the age of 19 years and is believed to be a resident citizen of Montgomery County, Alabama.

5.    Fictitious Defendant's "A", "B", "C", whether singular or plural, are those other persons, firms, corporations, or other entities whose wrongful conduct caused or contributed to the injuries and damages to Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained.

## STATEMENT OF THE FACTS

6.    In or about March 10 of 2005, in Montgomery County, Alabama, Plaintiff Shirley Mahone entered Defendant Harrah's establishment, located at 1801 Tullis Drive, Montgomery, Alabama 36117, to play the Defendant's gaming/slot machines based upon the representations of the Defendant that if Plaintiff paid monies into said gaming/slot machines and hit the "jack pot," Defendant would pay the amount of winnings set forth on said "jack pot" ticket.

7.    Based on the aforementioned representations, Plaintiff agreed to, and did, pay money into said gaming and/or slot machine, to-wit: Slot Machine No. 333139, and hit the "jack pot" and was issued a "jack pot" ticket for $7,067,907.04, (Seven Million Sixty Seven Thousand Nine Hundred Seven Dollars and Four Cents) to-wit: Validation No. 096005002770085315.

8.    At all times material hereto, Defendant Harrah's has failed and refused to pay the aforesaid amount as represented and promised and only offered Plaintiff Mahone a sum of $1,000.00 (One Thousand).

2

9.      The representations made by Defendants were false and Defendants knew they were false, and Plaintiff relied upon the false representations made by Defendants and paid money into the Defendant's gaming/slot machines.

10.      Defendants have entered into a pattern or practice of fraudulent conduct, which included the fraud practiced on the Plaintiff. More specifically, Plaintiff avers that Defendants have and are participating in a plan and scheme to deny winning ticket amounts to slot machine players.

11.      Plaintiff discovered the fraud within two years of filing this lawsuit.

12.      The conduct by Defendants was intentional, gross, wanton, malicious or oppressive.

## COUNT ONE

13.      Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

14.      In or about March 10 of 2005, in Montgomery County, Alabama, Plaintiff Shirley Mahone entered Defendant Harrah's establishment, located at 1801 Tullis Drive, Montgomery, Alabama 36117, to play the Defendant's gaming/slot machines based upon the representations of the Defendant that if Plaintiff paid monies into said gaming/slot machines and hit the "jack pot," Defendant would pay the amount of winnings set forth on said "jack pot" ticket.

15.      Based on the aforementioned representations, Plaintiff agreed to, and did, pay money into said gaming and/or slot machine, to-wit: Slot Machine No. 333139, and hit the "jack pot" and was issued a "jack pot" ticket for $7,067,907.04, (Seven Million

3

Sixty Seven Thousand Nine Hundred Seven Dollars and Four Cents) to-wit: Validation No. 096005002770085315.

16.    At all times material hereto, Defendant Harrah's has failed and refused to pay the aforesaid amount as represented and promised and only offered Plaintiff Mahone a sum of $1,000.00 (One Thousand).

17.    The representations made by Defendants were false and Defendants knew they were false, and Plaintiff relied upon the false representations made by Defendants and paid money into the Defendant's gaming/slot machines.

18.    Defendants have entered into a pattern or practice of fraudulent conduct, which included the fraud practiced on the Plaintiff. More specifically, Plaintiff avers that Defendants have and are participating in a plan and scheme to deny winning ticket amounts to slot machine players.

19.    Plaintiff discovered the fraud within two years of filing this lawsuit.

20.    The conduct by Defendants was intentional, gross, wanton, malicious or oppressive.

21.    As a proximate consequence of the Defendants' fraud, Plaintiff was injured and damaged as follows: She has not received the money promised to her, she has lost the amount spent on initial investment and interest on said initial investment. Plaintiff has suffered mental anguish, emotional distress and will continue to do so; and she was otherwise injured and damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

4

## COUNT TWO

22.    Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.


23.    At all times material herein, Defendants were under a duty to pay the aforementioned winnings owed to Plaintiff.

24.    Defendants breached their contractual obligation under the policy of insurance by failing and refusing to properly pay the winnings due there under.

25.    As a proximate consequence of Defendants breach of contract, Plaintiff was injured and damaged as alleged in paragraph 21 above.

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory damages as a jury deems reasonable and may award, plus costs.

## COUNT THREE

26.    Plaintiffs reallege all prior paragraphs of their original Complaint as if set out here in full.

27.    On or about March 10, 2005, Defendants George Baker and Silke Johnson defamed the Plaintiff and published said defamatory accusations to third parties.

WHEREFORE, Plaintiffs demand judgment against the Defendants in such an amount as a jury deems reasonable, and may award, plus costs.

5

## COUNT FOUR

28. Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

29. Defendants have committed fraud and suppression against Plaintiff and Defendants have conspired amongst themselves to do acts hereinbefore described that have caused injury and damage to the Plaintiff.

30. As a proximate consequence, Plaintiff was injured and damaged as a result of the conspiracy as set forth in paragraph 21 above.

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory and punitive damages, as a jury deems reasonable and may award, plus costs.

_____
CHRISTOPHER E. SANSPREE (SAN048)
Attorneys for Plaintiff

OF COUNSEL:
BEASLEY, ALLEN, CROW, METHVIN
PORTIS & MILES, P.C.
272 Commerce Street
P.O. Box 4160
Montgomery, Al. 36103-4160
(334) 269-2343
(334) 945-7555 fax

## JURY DEMAND

PLAINTIFF HEREBY DOES NOT DEMAND TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.

_____
OF COUNSEL

6

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the original of the foregoing document upon the Circuit Clerk with the Summons and Complaint, with copies to be served upon all Defendants, on this the _____ day of _____, 2005.

_____
OF COUNSEL

EXHIBITS

TO THIS DOCUMENT

ARE NOT SCANNED.

THEY ARE FILED

IN CONVENTIONAL FORMAT

AND AVAILABLE FOR VIEWING

IN THE CLERK'S OFFICE.