RECEIVED
2005 MAY -2  P 3: 58
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DIST. ALA.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

SHIRLEY MAHONE, §
 §
　　　Plaintiff, §
 §    Case No.: 2:05cv405-D
v. §
 §
HARRAH'S ALABAMA §
CORPORATION, d/b/a HARRAH'S §
ENTERTAINMENT CENTER, *et al.*, §
 §
　　　Defendants.

## GEORGE BAKER'S AND SILKE JOHNSON'S
## MOTION TO DISMISS

　　　COME NOW Defendants George Baker and Silke Johnson and, pursuant to Rules 12 and 56 of the Federal Rules of Civil Procedure, hereby move this Honorable Court to dismiss them as Defendants in this matter or, in the alternative, to grant summary judgment in their favor, as there is no question of fact concerning the claims advanced against them. In support of this motion, Baker and Johnson state as follows:

　　　1.　　This action arises out of the non-payment of a jackpot allegedly won by Plaintiff Shirley Mahone on March 10, 2005 at the gaming facility located at 1801 Tullis Drive, Montgomery, Alabama. The Plaintiff alleges that the gaming facility was "Defendant Harrah's establishment" and that Harrah's Alabama Corporation is liable to the Plaintiff under theories of Fraud, Breach of Contract, Defamation and Conspiracy. The Plaintiff also avers that Baker and Johnson have defamed her.

2. The Complaint is due to be dismissed because it fails to state a claim against Baker and Johnson. Other than averring that Baker and Johnson defamed her, the Complaint fails to set forth any facts whatsoever supporting such a claim or any other claim for that matter.

3. Moreover, the Complaint is due to be dismissed because the Tribal Court of the Poarch Band of Creek Indians bears exclusive jurisdiction over the claims made the basis of the Complaint. Therefore, this Court lacks subject matter jurisdiction over this matter.

4. Because Baker and Johnson are employees of P.C.I. Gaming (a business enterprise of a federally recognized Indian tribe) and were working in their capacity as P.C.I. Gaming employees at the time of the events made the basis of the Complaint, they are entitled to tribal sovereign immunity. Therefore, this Court lacks subject matter jurisdiction over this matter.

5. In support of this motion, Baker and Johnson rely upon the following:

   a. The Affidavit of George Baker, attached hereto as **Exhibit A**;

   b. The Affidavit of Silke Johnson, attached hereto as **Exhibit B**;

   c. Warranty Deed, attached hereto as **Exhibit C**;

   d. Affidavit of Dennis Gallagher, attached to Harrah's Alabama Corporation's Motion to Dismiss as **Exhibit A**;

   e. Pertinent portions of The Tribal Code of the Poarch Band of Creek Indians, attached to Harrah's Alabama Corporation's Motion to Dismiss as **Exhibit B**;

   f. The Complaint filed in this matter; and

   g. The Memorandum Brief, separately filed.

Respectfully submitted, this the 2nd day of Mary, 2005.

                                                /s/ R. Austin Huffaker, Jr.
                                        R. AUSTIN HUFFAKER, JR. (ASB-3422-F55R)
                                        Attorney for Defendants
                                        George Baker and Silke Johnson

RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101
Telephone: (334) 206-3100
Facsimile: (334) 262-6277
Email: RAH2@RSJG.COM

## CERTIFICATE OF SERVICE

I do hereby certify that on the 2nd day of May, 2005, I caused a true and correct copy of the foregoing document to be served *by United States Mail* to the following counsel of record:

Christopher E. Sanspree
Beasley, Allen, Crow, Methvin, Portis & Miles P.C.
Post Office Box 4160
Montgomery, AL  36103

_____
OF COUNSEL

EXHIBIT A

# AFFIDAVIT OF GEORGE BAKER

STATE OF ALABAMA            )

COUNTY OF MONTGOMERY  )

Before me, the undersigned Notary Public in and for said state and county, personally appeared George Baker, who is known to me, and who being by me first duly sworn, deposes and states as follows:

"I am George Baker, and I reside in Montgomery County, Alabama. I am employed as a Customer Safety Representative for PCI Gaming, which is the gaming business enterprise of the Poarch Band of Creek Indians. I have personal knowledge of the matters and transactions set forth hereafter.

I have read the Complaint filed against me by Shirley Mahone. The establishment described in the Complaint (1801 Tullis Drive, Montgomery, Alabama) is actually called the Tallapoosa Entertainment Center, not Harrah's Entertainment Center. The Tallapoosa Entertainment Center is operated, managed and controlled by PCI Gaming and is located on Indian reservation (tribal) property, held in trust by the federal government for the Poarch Band of Creek Indians.

To my knowledge, Harrah's Alabama Corporation has no involvement in the management, supervision or operation of the Tallapoosa Entertainment Center, nor does it provide any assistance or consulting services to PCI Gaming in operating that facility.

The Complaint alleges that on March 10, 2005, Shirley Mahone entered the gaming establishment at 1801 Tullis Drive, Montgomery, Alabama and purportedly 'hit the jackpot.' The Complaint goes on to state that I somehow defamed Ms. Mahone that same day. On the day in question, I was employed by PCI Gaming. My interaction with Ms. Mahone, if any, would have been in connection with my employment for PCI Gaming and would have occurred on the premises of the Tallapoosa Entertainment Center and in the best interests of PCI Gaming and the Poarch Band of Creek Indians. Any statements I made about or

concerning Ms. Mahone would have been made, if at all, in my capacity as an employee and representative of PCI Gaming. At all times in connection with the facts set forth in the Complaint, my actions were conducted in the line and scope of my employment with PCI Gaming.

The alleged jackpot and the acts made the basis of Ms. Mahone's lawsuit occurred on Indian reservation (tribal) property and concerned the Indian gaming operations conducted at that site. As such, I request that the lawsuit filed against me be heard and presided over by the Tribal Court for the Poarch Band of Creek Indians under its tribal laws. I do not consent to jurisdiction over me for the allegations made the basis of this lawsuit in any state or federal court. I specifically deny that I have waived any immunity afforded me by virtue of my employment for PCI Gaming or by the fact that the actions made the basis of Ms. Mahone's lawsuit occurred on Indian reservation (tribal) property."

_George L Baker_ TP173
GEORGE BAKER

SWORN TO AND SUBSCRIBED before me this __28__ day of __April__, 2005.

(SEAL)
_____
Notary Public
My Commission Expires: July 26, 2008

EXHIBIT
B

# AFFIDAVIT OF SILKE JOHNSON

STATE OF ALABAMA            )

COUNTY OF MONTGOMERY  )

Before me, the undersigned Notary Public in and for said state and county, personally appeared Silke Johnson, who is known to me, and who being by me first duly sworn, deposes and states as follows:

"I am Silke Johnson, and I reside in Montgomery County, Alabama. I am employed as an Operations Supervisor for PCI Gaming, which is the gaming business enterprise of the Poarch Band of Creek Indians. I have personal knowledge of the matters and transactions set forth hereafter.

I have read the Complaint filed against me by Shirley Mahone. The establishment described in the Complaint (1801 Tullis Drive, Montgomery, Alabama) is actually called the Tallapoosa Entertainment Center, not Harrah's Entertainment Center. The Tallapoosa Entertainment Center is operated, managed and controlled by PCI Gaming and is located on Indian reservation (tribal) property, held in trust by the federal government for the Poarch Band of Creek Indians.

To my knowledge, Harrah's Alabama Corporation has no involvement in the management, supervision or operation of the Tallapoosa Entertainment Center, nor does it provide any assistance or consulting services to PCI Gaming in operating that facility.

The Complaint alleges that on March 10, 2005, Shirley Mahone entered the gaming establishment at 1801 Tullis Drive, Montgomery, Alabama and purportedly 'hit the jackpot.' The Complaint goes on to state that I somehow defamed Ms. Mahone that same day. On the day in question, I was employed by PCI Gaming. My interaction with Ms. Mahone, if any, would have been in connection with my employment for PCI Gaming and would have occurred on the premises of the Tallapoosa Entertainment Center and in the best interests of PCI Gaming and the Poarch Band of Creek Indians. Any statements I made about or

concerning Ms. Mahone would have been made, if at all, in my capacity as an employee and representative of PCI Gaming. At all times in connection with the facts set forth in the Complaint, my actions were conducted in the line and scope of my employment with PCI Gaming.

The alleged jackpot and the acts made the basis of Ms. Mahone's lawsuit occurred on Indian reservation (tribal) property and concerned the Indian gaming operations conducted at that site. As such, I request that the lawsuit filed against me be heard and presided over by the Tribal Court for the Poarch Band of Creek Indians under its tribal laws. I do not consent to jurisdiction over me for the allegations made the basis of this lawsuit in any state or federal court. I specifically deny that I have waived any immunity afforded me by virtue of my employment for PCI Gaming or by the fact that the actions made the basis of Ms. Mahone's lawsuit occurred on Indian reservation (tribal) property."

_____
SILKE JOHNSON

SWORN TO AND SUBSCRIBED before me this _28_ day of _April_, 2005.

_____ (SEAL)
Notary Public
My Commission Expires: July 26, 2008

RLPY 1555 PAGE 0699

STATE OF ALABAMA)
MONTGOMERY COUNTY)

PAGE 1 OF 2

**EXHIBIT C**

## WARRANTY DEED

FROM: The Poarch Band of Creek Indians

TO: United States of America in Trust for the Poarch Band of Creek Indians as authorized by Sec. 5 of the Act of June 18, 1934 (48 Stat. 985, 25 USC 465)

THIS DEED, made this 23rd day of March, 1995, between the Poarch Band of Creek Indians, party of the first part, and the United States of America in Trust for the Poarch Band of Creek Indians as authorized by Sec. 5 of the Act of June 18, 1934, (48 Stat. 985, 25 USC 465), party of the second part.

WITNESSETH, that the said party of the first part, in consideration of the sum of one dollar and other kind of considerations ($1.00), to the grantee in hand paid by the party of the second part, the receipt of which is hereby acknowledged, by these presents, does grant, bargain, and convey unto the United States of America in Trust for the Poarch Band of Creek Indians, as authorized by Sec. 5 of the Act of June 18, 1934 (48 Stat. 985, 25 USC 465) and its assigns all that tract of land lying in Montgomery County, Alabama, described as follows:

Commence at the SW corner of Section 27, T-17-N, R-19-E, Montgomery County, Alabama and run EAST, 4340.49 feet; thence NORTH, 1806.29 feet to a point on existing fence line and being the Point of Beginning; Thence continue along said fence line S89°13'03"E, 136.34 feet; Thence continue along said fence line S23'49'20" E, 62.92 feet; Thence continue along said fence line N69°23'34"E, 219.92 feet to an existing iron pin; Thence continue along said fence line N17'23'26"W, 968.84 feet to an existing iron pin; Thence leaving said fence line N18°23'18"W, 503.62 feet to a point on the southeast edge of the Tallapoosa River; Thence along said edge S43°24'16"W, 618.01 feet; Thence leaving said edge S39°49'22"E, 150.00 feet to a point on an existing fence line; Thence along said fence line S26°17'56"E, 374.05 feet; Thence continue along said fence line S39°39'24"E, 198.60 feet; Thence continue along said fence line S17°38'01"E, 386.15 feet to the Point of Beginning. All lying in the E 1/2 Section 27, T-17-N, R-19-E, Montgomery County, Alabama, and containing 12.86 acres more or less.

TO HAVE AND TO HOLD THE SAME together with all and singular the water rights and other rights, tenements, appurtenances, and hereitaments thereunto belonging to or anywise appertaining, unto the United States of America and its assigns forever.

AND the same party of the first part, heirs, successors, executors and administrators will warrant and forever defend the rights and title to the said land unto the United States of America and its assigns against the lawful claim of all persons whomsoever.

IN WITNESS WHEREOF, the party of the first party has hereunto set hand and seal on the date first above written.

_____
Chairman, Poarch Band of Creek Indians

_____
Secretary, Poarch Band of Creek Indians

STATE OF ALABAMA)
ESCAMBIA COUNTY)

I, the undersigned authority, a Notary Public in and for said State and said County hereby certify that Eddie L. Tullis and Laverne Pohronezny, whose names are signed to the foregoing conveyance, and who are known to me, acknowledged before me on this day, that, being informed of the contents of the conveyance, they executed the same voluntarily on the day the same bears date.

GIVEN under my hand and seal this the 23rd day of MARCH, 1995.

_____
Notary Public

My Commission Expires:_____
My Commission Expires October 17, 1997

## AFFIDAVIT

Regarding the parcel of land named as Parcel 17:

    Pursuant to the authority delegated in 209 DM 8, Secretary Order Nos. 3150 and 3177, Amendment 1, dated December 28, 1994, and 10 BIAM, Bulletin 9409, dated December 29, 1994, and Memorandum from Assistant Secretary – Indian Affairs to All Area Directors, dated May 26, 1994, delegating authority to take off-reservation lands into trust I hereby accept the lands conveyed by this deed on behalf of the United States of America in Trust for the Poarch Band of Creek Indians of Alabama pursuant to Section 5 of the Indian Reorganization Act (Act of June 18, 1934, C. 576, 48 Stat. 986, 25 USC 465) and Section 203 of the Indian Land Consolidation Act.

The land which I have been authorized to accept, and do hereby accept on behalf of the United States, is:

    Commence at the SW corner of Section 27, T-17-N, R-19-E, Montgomery County, Alabama and run EAST, 4340.49 feet; thence NORTH, 1806.29 feet to a point on existing fence line and being the Point of Beginning; Thence continue along said fence line S89°13'03"E, 136.34 feet; Thence continue along said fence line S23°49'20"E, 62.92 feet; Thence continue along said fence line N69°23'34"E, 219.92 feet to an existing iron pin; Thence continue along said fence line N17°23'26"W, 968.84 feet to an existing iron pin; Thence leaving said fence line N18°23'18"W, 503.62 feet to a point on the southeast edge of the Tallapoosa River; Thence along said edge S43°24'16"W, 618.01 feet; Thence leaving said edge S39°49'22"E, 150.00 feet to a point on an existing fence line; Thence along said fence line S26°17'56"E, 374.05 feet; Thence continue along said fence line S39°39'24"E, 198.60 feet; Thence continue along said fence line S17°38'01"E, 386.15 feet to the Point of Beginning. All lying in the E 1/2 Section 27, T-17-N, R-19-E, Montgomery County, Alabama, and containing 12.86 acres more or less.

FURTHER, the Affiant Sayeth NOT.

Date 3-23-95

Franklin Keel
Acting Area Director
Eastern Area Office

Bureau of Indian Affairs

STATE: ALABAMA )
COUNTY: ESCAMBIA )

On this 23rd day of MARCH, 1995, before me, the undersigned Notary Public, personally appeared Franklin Keel, known to me to be the Acting Eastern Area Director, Eastern Area Office, Bureau of Indian Affairs, whose name is subscribed to the within instrument and who acknowledged to me that he executed and signed the same.

Notary Public
My Commission Expires: My Commission Expires October 17, 19

STATE OF ALA.
MONTGOMERY CO.
I CERTIFY THIS INSTRUMENT
WAS FILED ON

1995 APR -7 AM 11: 41

JUDGE OF PROBATE

| | |
|---|---|
| INDEX | 1.00 |
| REC FEE | 1.00 |
| REC FEE | 5.00 |
| DEED TAX | 6.50 |
| CASH | 13.50 |
| ITEM 4 | |
| 04-07-95 FRI #0 | |

500
650
3.50