RECEIVED
2005 MAY -2 P 3: 50

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT AL.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

SHIRLEY MAHONE, §
　§
Plaintiff, §
　§    Case No.: 2:05cv405-D
v. §
　§
HARRAH'S ALABAMA §
CORPORATION, d/b/a HARRAH'S §
ENTERTAINMENT CENTER, et al., §
　§
Defendants.

## GEORGE BAKER'S AND SILKE JOHNSON'S MEMORANDUM BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS

This lawsuit arises out of a $7 million jackpot allegedly won by Plaintiff, Shirley Mahone, while operating an electronic bingo machine at the Tallapoosa Entertainment Center on Tullis Drive in Montgomery County, Alabama. Mahone brings this suit claiming that she hit the jackpot at "Defendant Harrah's establishment, located at 1801 Tullis Drive, Montgomery, Alabama, 36117." [*See* Compl., ¶ 6]. She brings claims of Fraud, Breach of Contract, Defamation and Conspiracy. Aside from erroneously naming Harrah's Alabama Corporation as the owner/operator of the gaming establishment, the Plaintiff has also named two employees -- Silke Johnson and George Baker -- of P.C.I. Gaming as defendants.

Though Johnson and Baker are named defendants, the Plaintiff fails to set forth any facts supporting any cause of action against them. Indeed, the only allegation made against Johnson and Baker is that they "defamed the Plaintiff and published said defamatory accusations to third parties." [*See* Compl., ¶ 27]. No mention is made of *how* Johnson and Baker defamed the

Plaintiff nor *to whom* they published any false information. In fact, in the context of this lawsuit (the alleged nonpayment of a jackpot), a claim of defamation simply makes no sense.

The fact that the Complaint is totally devoid of any facts supporting a cause of action against the individual defendants requires that the Complaint be dismissed. Moreover, the Complaint is due to be dismissed, as will be shown, for the additional reasons that Johnson and Baker are entitled to tribal sovereign immunity and because the Tribal Court of the Poarch Band of Creek Indians has exclusive jurisdiction over the Plaintiff's claims.

## NARRATIVE STATEMENT OF FACTS

The Tallapoosa Entertainment Center is a gaming facility located at 1801 Tullis Drive in Montgomery County, Alabama. [*See* Gallagher Aff., attached to Harrah's Mtn. Dismiss as **Ex. A**; Baker Aff., attached to Baker Mtn. Dismiss as **Ex. A**; Johnson Aff., attached to Baker Mtn. Dismiss as **Ex. B**]. This facility is operated exclusively by P.C.I. Gaming, the gaming business enterprise of the Poarch Band of Creek Indians (a federally recognized Indian tribe), and is located on land held in trust by the United States federal government for the Poarch Band of Creek Indians. [*See* Gallagher Aff., attached to Harrah's Mtn. Dismiss as **Ex. A**; Baker Aff., attached to Baker Mtn. Dismiss as **Ex. A**; Johnson Aff., attached to Baker Mtn. Dismiss as **Ex. B**][Warranty Deed, attached to Baker Mtn. Dismiss as **Ex. C**].

Silke Johnson and George Baker are employees of P.C.I. Gaming. [Baker Aff., attached to Baker Mtn. Dismiss as **Ex. A**; Johnson Aff., attached to Baker Mtn. Dismiss as **Ex. B**]. On March 10, 2005, when the Plaintiff won her alleged jackpot, Johnson and Baker were working in the line and scope of their employment for P.C. I. Gaming. [Baker Aff., attached to Baker Mtn. Dismiss as **Ex. A**; Johnson Aff., attached to Baker Mtn. Dismiss as **Ex. B**]. Any interaction they would have had with the Plaintiff or the Plaintiff's jackpot, occurred, if at all, in connection with

their employment for P.C.I. Gaming. Further, their involvement, if any, in the circumstances surrounding the Plaintiff's jackpot occurred on the premises of the Tallapoosa Entertainment Center and therefore occurred on Indian reservation property. [Baker Aff., attached to Baker Mtn. Dismiss as **Ex. A**; Johnson Aff., attached to Baker Mtn. Dismiss as **Ex. B**].

Both Johnson and Baker demand that the Plaintiff's claims against them be submitted to the Tribal Court of the Poarch Band of Creek Indians for resolution, and neither individual consents to any federal or state jurisdiction over them for the acts made the basis of the Plaintiff's Complaint. [Baker Aff., attached to Baker Mtn. Dismiss as **Ex. A**; Johnson Aff., attached to Baker Mtn. Dismiss as **Ex. B**].

## ARGUMENT

### I. The Complaint Fails to State a Claim against Silke Johnson and George Baker.

The Complaint mentions Defendants Silke Johnson and George Baker in paragraph 27 only. In that regard, it is alleged as follows:

> "On or about March 10, 2005, Defendants George Baker and Silke Johnson defamed the Plaintiff and published said defamatory accusation to third parties."

No reference is made to how Johnson and Baker defamed the Plaintiff (spoken or written) or what information was published, nor to whom false information was published. *See Gary v. Crouch*, 867 So. 2d 310, 315 (Ala. 2003)(To establish a claim of defamation, a plaintiff must prove that a defendant was at least negligent, in publishing a false and defamatory statement to another concerning the plaintiff which is actionable without having to prove special harm or actionable by proving special harm.). No attempt is made to distinguish what Johnson may have done that was defamatory to that of Baker.

Indeed, the underlying factual premise for the Complaint is that the Plaintiff won a jackpot that Defendant Harrah's Alabama Corporation failed to pay. Even if true, the factual premise of the lawsuit makes absolutely no sense in the context of a claim for defamation, especially when the claim is totally devoid of any supporting facts. It can therefore only be inferred that Johnson and Baker are fraudulently joined for the sole purpose of defeating diversity jurisdiction.

As the Eleventh Circuit Court of Appeals has held, non-diverse defendants are fraudulently joined when a plaintiff makes no attempt to tie them to the underlying allegations of the complaint. *See Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001). *See also Lyons v. Am. Tobacco Co.*, No. Civ. A. 96-0881-BH-S, 1997 WL 809677, at *5 (S.D. Ala. Sept. 30, 1997) (There is "no better admission of fraudulent joinder of [the Resident Defendants]" than the failure of the Plaintiff "to set forth any specific factual allegations" against them.); *In re Rezulin Prods. Liab. Litig*, 168 F. Supp. 2d 136, 140 (S.D.N.Y. 2001) (pharmaceutical representatives were fraudulently joined where plaintiffs made "no specific allegations" against them).

To the extent the Plaintiff argues that she has pleaded claims of fraud or conspiracy against Baker and Johnson, the Complaint yet again fails to state a claim. First, it cannot be disputed that the Complaint does not plead any claim of fraud against Baker and Johnson with the degree of particularity required by Rule 9(b), Fed. R. Civ. P. The Alabama Supreme Court has observed that "Rule 9(b) qualifies the generalized pleadings permitted by Rule 8(a) . . . [and thus] fraud allegations 'must show time, place and the contents or substance of the false representations, the facts misrepresented, and an identification of what has been obtained.'" *See Smith v. National Security Insurance Company*, 860 So. 2d 343, 346-47 (Ala. 2003). The

Complaint against Johnson and Baker certainly makes no mention of time, place, contents or substance of any fraud and therefore it certainly fails to state an actionable claim of fraud against Johnson and Baker.

In addition, any claim of conspiracy (Count Four) does not in and of itself furnish a cause of action. *See Singleton v. Protective Life Ins. Co.*, 857 So. 2d 803, 814 (Ala. 2003). "The gist of the action is not the conspiracy alleged, but the wrong committed." *Id.* When there is no actionable wrong committed, there can be no conspiracy. *Id.* As shown above, the Plaintiff has failed to assert any actionable wrong committed by Johnson and Baker. Accordingly, the conspiracy claim must fail.

Moreover, the conspiracy claim fails for the independent reason that it is barred by the intracorporate conspiracy doctrine. The doctrine provides that "a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves." *Kirwin v. Price Communs. Corp.*, 391 F.3d 1323, 1325 (11th Cir. 2004). Here, the doctrine precludes any conspiracy by and between Johnson and Baker and, since Harrah's Alabama Corporation, as shown by its Motion to Dismiss, had absolutely no involvement in the operations of the Tallapoosa Entertainment Center, there are no other participants to the conspiracy for such a claim to attach.

In short, the Complaint is totally devoid of any facts supporting any cause of action against Johnson and Baker. Therefore, the Complaint against them should be dismissed.

II. **The Tribal Court for the Poarch Band of Creek Indians Has Exclusive Jurisdiction Over this Matter.**

As shown by the Affidavits of Dennis Gallagher, Silke Johnson and George Baker, the Tallapoosa Entertainment Center is located on Indian (tribal) reservation land, held in trust for

the Poarch Band of Creek Indians by the federal government. Further, it is undisputed that the Tallapoosa Entertainment Center is a gaming establishment managed, supervised, and operated by P.C.I. Gaming, a business enterprise of the Poarch Band of Creek Indians, for the economic and social benefit of the Poarch Band of Creek Indians. Finally, it is undisputed that both Silke Johnson and George Baker were employees of P.C.I. Gaming and that any involvement in the alleged jackpot occurred while they were working in the line and scope of their employment with P.C.I. Gaming and while present on Indian (tribal) reservation property. Given these facts, the only court with jurisdiction over the Plaintiff's claims is the Tribal Court of the Poarch Band of Creek Indians and, therefore, this suit against Silke Johnson and George Baker should be dismissed.

It is well-established that "Indian tribes are 'domestic dependent nations' that exercise inherent sovereign authority over their members and territories." *Oklahoma Tax Comm'n v. Potawatomi Tribe*, 498 U.S. 505, 509 (1991). "We can readily agree, in accord with *Montana [v. United States*, 450 U.S. 544, 557 (1981)], that tribes retain considerable control over nonmember conduct on tribal land." *Strate v. A-1 Contractors*, 520 U.S.438, 454 (1997). Indian reservations are separate and distinct nations inside the boundaries of the state of their location and Indian rights are protected by treaty with the United States. *See Diepenbrock v. Merkel*, 97 P.2d 1063, 1065 (Kan. App. 2004). "The inherent sovereignty possessed by Indian tribes allowed them to form ' their own laws and be ruled by them.'" *Id*. Though a tribal court's jurisdiction is not absolute for all activities occurring on tribal property, *see Nevada v. Hicks*, 533 U.S. 353 (2001), it is absolute when the dispute at issue has a direct effect on the political integrity, economic security and health and welfare of the tribe. "Raising revenue and redistributing it for the welfare of a sovereign nation is manifestly a governmental purpose."

*Cohen v. Little Six, Inc.*, 543 N.W.2d 376, 380 (Minn. App. 1996). Indeed, the "law recognized a preference for tribal sovereignty and jurisdiction or deference to the tribal court over matters concerning their members and their territories." *Diepenbrock*, 97 P.3d at 1067 (citing *Oklahoma Tax Comm'n v. Potawatomi Tribe*, 498 U.S. at 509)).

Here, "it would undermine the authority of the tribal courts over reservation affairs and hence would infringe on the right of [the Poarch Band of Creek Indians] to govern themselves if jurisdiction did not reside in the tribal courts in this case." *Id.* Poarch Band of Creek Indian tribal law (Tribal Code) supports this conclusion.

The Poarch Band of Creek Indians have an extensive civil code[1] that gives jurisdiction over this action. In this regard Code § 4-1-1 provides the following:

**Personal Jurisdiction - Civil**

The Tribal Court shall have civil jurisdiction over the person as follows:

(a) All persons residing, located or present within or upon reservation property; or,

(b) All persons who transact, conduct or perform any business or activity within or upon reservation property, either in person or by an agent or representative, for any act prohibited by the Tribal Code or other ordinance of the tribe arising from such business activity; or,

(c) All persons who own, use or possess any property within the reservation for any action arising under this code or other ordinance of the tribe;

(d) All persons who commit tortuous acts or engage in tortuous conduct on or within the reservation, either in person or by an agent or representative. . . "

Section 4-1-3 of the Code provides the following concerning jurisdiction over property:

---

[1] Pertinent portions of the Tribal Code are attached to Harrah's Alabama Corporation's Motion to Dismiss as **Exhibit B**. A full copy of the Tribal Code can be viewed at http://doc.narf.org/nill/Codes/poarchcode/poarchcodetoc.htm.

**§4-1-3 Jurisdiction Over Property**

> The Tribal Court shall have civil and criminal jurisdiction over property, real and personal, as follows:
>
> (a)   All property located on or within the reservation and/or territorial jurisdiction of the tribe; . . .
>
> (c)   All property of the Poarch Band of Creek Indians wheresoever located.

The Tribal Code goes on to provide that the Tribal Court "shall have subject matter jurisdiction over all civil actions in which the Tribal Court has jurisdiction over the person or property", *see* Section 4-1-4, and "shall have original and exclusive jurisdiction over all civil matters within the jurisdiction of the Tribal Court," *see* Section 4-1-5(a). Section 4-1-5(b) also provides that "The State of Alabama shall have no jurisdiction, criminal or civil, within the reservation or territorial jurisdiction of the tribe and there shall be no concurrent jurisdiction with the State of Alabama with respect to the jurisdiction of the tribe for civil or criminal matters, unless and only to the extent that approval has been given for the same by the Tribal Council."

Finally, relevant to the current issues, the Tribal Code provides that "Civil Actions in the Tribal Court of the Poarch Band of Creek Indians shall include but not be limited to all civil causes of action and defenses thereto which are cognizable in the trial courts of the State of Alabama." Code § 11-1-1.

The issue of tribal jurisdiction is one involving subject matter jurisdiction. Subject matter jurisdiction is the power of a court to hear and decide a particular type of action. A court, whether state or federal, cannot handle cases belonging of a type over which another court has been given exclusive jurisdiction. The same holds true of tribal courts such as the Tribal Court of the Poarch Band of Creek Indians, which hold exclusive jurisdiction over disputes arising out

of conduct occurring on reservation property.² Under such circumstances, dismissal of a complaint in federal or state court where the tribal court has exclusive jurisdiction is proper. *See, e.g., Diepenbrock*, 97 P.2d at 1068; *Winer v. Penny Enterprises, Inc.*, 674 N.W.2d 9 (N. Dak. 2004); *Hartley v. Baca*, 640 P.2d 941 (N. Mex. App. 1981); *Klammer v. Lower Sioux Convention Store*, 535 N.W.2d 379 (Minn. App. 1995); *Kizis v. Morse Diesel International, Inc.*, 794 A.2d 498 (Conn. 2001)(concluding that tribal court is the exclusive forum for tort claim that occurred on tribal property). *See also Bank One, N.A. v. Brainard*, 144 F.Supp.2d 640 (S.D. Miss. 2001)(concluding that the plaintiff must first exhaust his tribal remedies before seeking federal court intervention).

### III. Silke Johnson and George Baker Are Entitled to Tribal Sovereign Immunity.

As employees of a business enterprise of the Poarch Band of Creek Indians, who are apparently being sued in that capacity, and since the facts made the basis of the Complaint occurred on Indian reservation property, Johnson and Baker are entitled to tribal sovereign immunity which therefore requires dismissal of the Complaint against them.

"As immunity is a limitation on federal court jurisdiction, a motion to dismiss based on tribal immunity is appropriately examined under Fed. R. Civ. P. 12(b)(1)." *Bassett v. Mashantucket Pequot Museum and Research Center*, 221 F.Supp.2d 271, 276 (D. Conn. 2002)(citing *Garcia v. Akwesasne Housing Authority*, 268 F.3d 76, 84 (2nd Cir. 2001) and *Hagen v. Sisseton-Wahpeton Community College*, 205 F.3d 1040, 1043 (8th Cir. 2000)). The court in considering a motion to dismiss that raises the issue of subject matter jurisdiction and

---

² Federal courts do have subject matter jurisdiction and therefore federal question jurisdiction over disputes concerning whether a tribal court has the power to exercise civil subject matter jurisdiction over non-Indians. *See El Paso Natural Gas Co. v. Neztsosie*, 526 U.S. 473, 483-84 (1999)(summarizing earlier decisions concerning subject matter jurisdiction of federal courts). Such disputes commonly invoke the tribal exhaustion rule as formulated in *National Farmers Union Insurance Co. v. Crow Tribe*, 471 U.S. 845 (1985), which requires a federal court to stay its hand until the Tribal Court has had a full opportunity to determine its own jurisdiction.

tribal sovereign immunity, need not confine its evaluation to the face of the Complaint and may consider affidavits and other evidence. *Id.*

It is well-established that Indian tribes possess common law immunity from suit traditionally enjoyed by sovereign powers. *See Bassett*, 221 F.Supp.2d at 277; *Cohen v. Little Six, Inc.*, 543 N.W.2d 376 (Minn. App. 1996)(dismissing Complaint against Indian casino for lack of subject matter jurisdiction in premises liability case). "As a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived immunity." *Id.* "[T]ribal immunity may extend to entities that are agencies of the tribe, [] as well as 'individual tribal officials within their representative capacity and within the scope of their official authority." *Id.* at 277 (internal citations omitted). *See also Trudgeon v. Fantasy Springs Casino*, 84 Cal.Rptr.2d 65 (Cal. App., 4th Dist. 1999)(affirming dismissal of claims against non-Indian employees due to application of sovereign immunity); *Bassett v. Mashantucket Pequot Museum and Research Center, Inc.*, 221 F.Supp.2d 271 (D. Conn. 2002)(same); *Romanella v. Hayward*, 933 F.Supp. 163, 167-68 (D. Conn. 1996) *aff'd Romanella v. Hayward*, 114 F.3d 15 (2nd Cir. 1997). *See also Kizis v. Morse Diesel International, Inc.*, 794 A.2d 498 (Conn. 2001).

For example, in *Bassett v. Mashantucket Pequot Museum and Research Center, Inc.*, suit was brought against, among others, several employees of a tribal enterprise for alleged copyright infringement, breach of contract and violation of various Connecticut state laws. The employees, who had been sued in their individual and official capacities, moved to dismiss the claims against them under Rules 12(b)(1) and 12(b)(6), arguing that they were entitled to tribal sovereign immunity due to the fact that they were tribal employees. 221 F.Supp.2d at 276. The District Court of Connecticut agreed, concluding that "tribal immunity extends to all tribal employees

acting within their representative capacity and within the scope of their official authority." *Id.* at 278. The court went on to recognize that the claims against the employees in their individual capacities were also subject to tribal immunity so long as the employees' acts were not alleged (and proved) to be manifestly or palpably beyond their authority.

Here, the Plaintiff's Complaint names as defendants two employees of P.C.I. Gaming, who were acting in the line and scope of their employment in any dealings with the Plaintiff. To this end, representations, if any, and statements made about the Plaintiff, if any, manifestly were related to the official duties of P.C.I. Gaming, the business enterprise of the Poarch Band of Creek Indian that provides funds for the economic and social welfare of the Poarch Band of Creek Indians. No allegations are made that Johnson and Baker are being sued in their individual capacities nor are any allegations made that their acts are manifestly or palpably beyond their authority as employees of P.C.I. Gaming. Under the reasoning in such cases as *Bassett* and *Trudgeon*, Silke Johnson and George Baker are entitled to tribal sovereign immunity.

## CONCLUSION

The Complaint fails to state a claim of relief against Defendants Silke Johnson and George Baker. Not only does the Complaint fail to state a claim against them, but even if it did, Johnson and Baker are entitled to tribal sovereign immunity and to have the Tribal Court of the Poarch Band of Creek Indians preside over the Plaintiff's claims. For these reasons, Silke Johnson and George Baker request that they be dismissed as Defendants in this action and that costs of defense be taxed against the Plaintiff.

_____
R. AUSTIN HUFFAKER, JR. (ASB-3422-F55R)
Attorney for Defendants
Silke Johnson and George Baker

RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101
Telephone: (334) 206-3100
Facsimile: (334) 262-6277
Email: RAH2RSJG.COM

## CERTIFICATE OF SERVICE

I do hereby certify that on the 2nd day of May, 2005, I caused a true and correct copy of the foregoing document to be served *by United States Mail* to the following counsel of record:

Christopher E. Sanspree
Beasley, Allen, Crow, Methvin, Portis & Miles P.C.
Post Office Box 4160
Montgomery, AL 36103

_____
OF COUNSEL