RECEIVED

2005 MAY -2  P 3: 59

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHIRLEY MAHONE, § | |
| § | |
| Plaintiff, § | |
| § | Case No.: 2:05cv405-D |
| v. § | |
| § | |
| HARRAH'S ALABAMA § | |
| CORPORATION, d/b/a HARRAH'S § | |
| ENTERTAINMENT CENTER, *et al.*, § | |
| § | |
| Defendants. | |

## HARRAH'S ALABAMA CORPORATION'S MEMORANDUM BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

This lawsuit arises out of a $7 million jackpot allegedly won by Plaintiff, Shirley Mahone, while operating an electronic bingo machine at the Tallapoosa Entertainment Center on Tullis Drive in Montgomery County, Alabama. Mahone brings this suit claiming that she hit this jackpot at "Defendant Harrah's establishment, located at 1801 Tullis Drive, Montgomery, Alabama, 36117." [*See* Compl., ¶ 6]. She brings claims of Fraud, Breach of Contract, Defamation and Conspiracy.

In its simplest, the Complaint against Harrah's Alabama Corporation fails to state a claim for relief because Harrah's Alabama Corporation had absolutely no involvement with the Tallapoosa Entertainment Center (which the Plaintiff incorrectly identifies as "Harrah's Entertainment Center") and the jackpot allegedly won by the Plaintiff. To the contrary, the Tallapoosa Entertainment Center is a gaming facility owned, operated, managed and supervised by P.C.I. Gaming, a business enterprise of the Poarch Band Creek Indians. For this reason, as

well as the others set forth below, Harrah's Alabama Corporation is due to be dismissed as a Defendant.

## NARRATIVE STATEMENT OF FACTS

As demonstrated by the Affidavit of Dennis Gallagher, Harrah's Alabama Corporation is a single purpose entity, created for the sole purpose of contracting with P.C.I. Gaming (and the Poarch Band of Creek Indians) concerning the proposed (future) gaming business in Wetumpka, Alabama (n/k/a the Riverside Entertainment Center). [*See* Gallagher Aff., attached to Mtn. Dismiss as **Ex. A**]. Harrah's Alabama Corporation does not currently operate, maintain, supervise or manage, nor has it ever, any casinos or bingo parlors in the State of Alabama. [*See* Gallagher Aff., attached to Mtn. Dismiss as **Ex. A**].

The "Tallapoosa Entertainment Center" is a gaming facility located at 1801 Tullis Drive in Montgomery County, Alabama. [*See* Gallagher Aff., attached to Mtn. Dismiss as **Ex. A**; Baker Aff., attached to Baker Mtn. Dismiss as **Ex. A**; Johnson Aff., attached to Baker Mtn. Dismiss as **Ex. B**]. This facility is operated exclusively by P.C.I. Gaming, the gaming business enterprise of the Poarch Band of Creek Indians, and is located on land held in trust by the United States federal government for the Poarch Band of Creek Indians. [*See* Gallagher Aff., attached to Mtn. Dismiss as **Ex. A**; Baker Aff., attached to Baker Mtn. Dismiss as **Ex. A**; Johnson Aff., attached to Baker Mtn. Dismiss as **Ex. B**; Warranty Deed, attached to Baker's Mtn. Dismiss as **Ex. C**].

Harrah's Alabama Corporation has no involvement in the management or operations of the Tallapoosa Entertainment Center, nor does it provide any assistance or consulting services to P.C.I. Gaming in operating or managing that facility. [*See* Gallagher Aff., attached to Mtn. Dismiss as **Ex. A**]. Further, Harrah's Alabama Corporation does not own, operate, lease or rent

any gaming machines at that facility, nor does it have any employees at that facility. [*See* Gallagher Aff., attached to Mtn. Dismiss as **Ex. A**].

## ARGUMENT

**I.    The Complaint is Premised Upon a False Assumption That Therefore Bars Recovery Under All Theories of Liability in the Complaint.**

The Complaint avers that the jackpot was won at "Defendant Harrah's establishment, located at 1801 Tullis Drive, Montgomery, Alabama, 36117", which the Plaintiff characterizes as "Harrah's Entertainment Center." [*See* Compl., ¶ 6]. Based upon this central allegation, the Plaintiff attempts to recover her alleged jackpot under theories of Fraud, Breach of Contract, Defamation and Conspiracy.

As demonstrated by the affidavit testimony of Dennis Gallagher, Assistant Secretary to Harrah's Alabama Corporation, as well as that of co-Defendants Silke Johnson and George Baker, Harrah's Alabama Corporation has absolutely no involvement in the gaming facility located at Tullis Drive. Instead, the gaming facility is operated, managed, and supervised by P.C.I. Gaming, a business enterprise of the Poarch Band of Creek Indians. Moreover, as shown by the Gallagher affidavit, Harrah's Alabama Corporation does not own, operate, lease or rent any gaming devices at the Tallapoosa Entertainment Center. Indeed, Harrah's Alabama Corporation is a single purpose entity, whose sole purpose is to contract with the Poarch Band of Creek Indians for the construction and operation of a gaming business (casino) in Wetumpka, Alabama (currently known as the Riverside Entertainment Center). Based upon this testimony, the Plaintiff's underlying premise (that this jackpot occurred at Harrah's Alabama Corporation's establishment) is without any legal or factual support and Harrah's Alabama Corporation is due to be dismissed as a defendant in this matter.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that if matters outside the face of the complaint are presented to demonstrate that the plaintiff's complaint allegations fail to state a claim upon which relief can be granted, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Rule 56, Fed. R. Civ. P. *See Howell v. Department of the Army*, 975 F.Supp. 1293, 1297 (M.D. Ala. 1997). A party is entitled to summary judgment if the pleadings, depositions and other evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. *Id.*

As more particularly discussed above, since the Complaint raises claims against Harrah's Alabama Corporation that are premised upon a false allegation -- that the jackpot was won at Harrah's Alabama Corporation's establishment -- and since it cannot be disputed that Harrah's Alabama Corporation did not own, operate, manage or supervise that establishment (or any gaming devices located there), the Plaintiff cannot prove any claim for Fraud, Breach of Contract, Defamation or Conspiracy.

**II.    The Tribal Court of the Poarch Band of Creek Indians Has Exclusive Jurisdiction Over this Matter.**

As shown by the Affidavits of Dennis Gallagher, Silke Johnson and George Baker, the Tallapoosa Entertainment Center is located on Indian (tribal) reservation land, held in trust for the Poarch Band of Creek Indians by the federal government. Further, it is undisputed that the Tallapoosa Entertainment Center is a gaming facility managed, supervised, and operated by P.C.I. Gaming, a business enterprise of the Poarch Band of Creek Indians, for the economic and social benefit of the Poarch Band of Creek Indians. Given these facts, the only court with

jurisdiction over the Plaintiff's claims is the Tribal Court of the Poarch Band of Creek Indians and therefore this suit against Harrah's Alabama Corporation should be dismissed.

It is well-established that "Indian tribes are 'domestic dependent nations' that exercise inherent sovereign authority over their members and territories." *Oklahoma Tax Comm'n v. Potawatomi Tribe*, 498 U.S. 505, 509 (1991). "We can readily agree, in accord with *Montana [v. United States*, 450 U.S. 544, 557 (1981)], that tribes retain considerable control over nonmember conduct on tribal land." *Strate v. A-1 Contractors*, 520 U.S. 438, 454 (1997). Indian reservations are separate and distinct nations inside the boundaries of the state of their location and Indian rights are protected by treaty with the United States. *See Diepenbrock v. Merkel*, 97 P.2d 1063, 1065 (Kan. App. 2004). "The inherent sovereignty possessed by Indian tribes allowed them to form ' their own laws and be ruled by them.'" *Id.*

Though a tribal court's jurisdiction is not absolute for all activities occurring on tribal property, *see Nevada v. Hicks*, 533 U.S. 353 (2001), it is absolute when the dispute at issue has a direct effect on the political integrity, economic security and health and welfare of the tribe. "Raising revenue and redistributing it for the welfare of a sovereign nation is manifestly a governmental purpose." *Cohen v. Little Six, Inc.*, 543 N.W.2d 376, 380 (Minn. App. 1996). Indeed, the "law recognized a preference for tribal sovereignty and jurisdiction or deference to the tribal court over matters concerning their members and their territories." *Diepenbrock*, 97 P.3d at 1067 (citing *Oklahoma Tax Comm'n v. Potawatomi Tribe*, 498 U.S. at 509)).

Here, "it would undermine the authority of the tribal courts over reservation affairs and hence would infringe on the right of [the Poarch Band of Creek Indians] to govern themselves if jurisdiction did not reside in the tribal courts in this case." *Id.* The Poarch Band of Creek Indians's tribal law (Tribal Code) supports this conclusion.

5

The Poarch Band of Creek Indians have an extensive civil code[1] that gives jurisdiction over this action. In this regard Code § 4-1-1 provides the following:

**Personal Jurisdiction - Civil**

The Tribal Court shall have civil jurisdiction over the person as follows:

(a) All persons residing, located or present within or upon reservation property; or,

(b) All persons who transact, conduct or perform any business or activity within or upon reservation property, either in person or by an agent or representative, for any act prohibited by the Tribal Code or other ordinance of the tribe arising from such business activity; or,

(c) All persons who own, use or possess any property within the reservation for any action arising under this code or other ordinance of the tribe;

(d) All persons who commit tortuous acts or engage in tortuous conduct on or within the reservation, either in person or by an agent or representative. . . "

Section 4-1-3 of the Code provides the following concerning jurisdiction over property:

**§4-1-3 Jurisdiction Over Property**

The Tribal Court shall have civil and criminal jurisdiction over property, real and personal, as follows:

(a) All property located on or within the reservation and/or territorial jurisdiction of the tribe; . . .

(c) All property of the Poarch Band of Creek Indians wheresoever located.

The Tribal Code goes on to provide that the Tribal Court "shall have subject matter jurisdiction over all civil actions in which the Tribal Court has jurisdiction over the person or property", see Section 4-1-4, and "shall have original and exclusive jurisdiction over all civil

---

[1] Pertinent portions of the Tribal Code are attached to Harrah's Alabama Corporation's Motion to Dismiss as **Exhibit B.** A full copy of the Tribal Code can be viewed at http://doc.narf.org/nill/Codes/poarchcode/poarchcodetoc.htm.

matters within the jurisdiction of the Tribal Court," *see* Section 4-1-5(a). Section 4-1-5(b) also provides that "The State of Alabama shall have no jurisdiction, criminal or civil, within the reservation or territorial jurisdiction of the tribe and there shall be no concurrent jurisdiction with the State of Alabama with respect to the jurisdiction of the tribe for civil or criminal matters, unless and only to the extent that approval has been given for the same by the Tribal Council."

Finally, relevant to the current issue, the Tribal Code provides that "Civil Actions in the Tribal Court of the Poarch Band of Creek Indians shall include but not be limited to all civil causes of action and defenses thereto which are cognizable in the trial courts of the State of Alabama." Code § 11-1-1.

The issue of tribal jurisdiction is one involving subject matter jurisdiction. Subject matter jurisdiction is the power of a court to hear and decide a particular type of action. A court, whether state or federal, cannot handle cases belonging of a type over which another court has been given exclusive jurisdiction. The same holds true of tribal courts such as the Poarch Band of Creek Indians, which hold exclusive jurisdiction over disputes arising out of conduct occurring on reservation property. Under such circumstances, dismissal of a Complaint in federal or state court where the tribal court has exclusive jurisdiction is proper. *See, e.g., Diepenbrock*, 97 P.2d at 1068; *Winer v. Penny Enterprises, Inc.*, 674 N.W.2d 9 (N. Dak. 2004); *Hartley v. Baca*, 640 P.2d 941 (N. Mex. App. 1981); *Klammer v. Lower Sioux Convention Store*, 535 N.W.2d 379 (Minn. App. 1995); *Kizis v. Morse Diesel International, Inc.*, 794 A.2d 498 (Conn. 2001)(concluding that tribal court is the exclusive forum for tort claim that occurred on tribal property). *See also Bank One, N.A. v. Brainard*, 144 F.Supp.2d 640 (S.D. Miss. 2001)(concluding that the plaintiff must first exhaust his tribal remedies before seeking federal court intervention).

## III. Harrah's Alabama Corporation is Entitled to Tribal Sovereign Immunity.

As shown above, the Plaintiff's Complaint is premised upon a false assumption that renders all of her claims against Harrah's Alabama Corporation without merit. Nevertheless, to the extent the Plaintiff claims that Harrah's Alabama Corporation was an agent or representative of P.C.I. Gaming or the Poarch Band of Creek Indians, or that Harrah's Alabama Corporation was operating, managing, supervising or controlling the Tallapoosa Entertainment Center, Harrah's Alabama Corporation is entitled to tribal sovereign immunity which therefore requires dismissal of the Complaint against Harrah's Alabama Corporation.

"As immunity is a limitation on federal court jurisdiction, a motion to dismiss based on tribal immunity is appropriately examined under Fed. R. Civ. P. 12(b)(1)." *Bassett v. Mashantucket Pequot Museum and Research Center*, 221 F.Supp.2d 271, 276 (D. Conn. 2002)(citing *Garcia v. Akwesasne Housing Authority*, 268 F.3d 76, 84 (2nd Cir. 2001) and *Hagen v. Sisseton-Wahpeton Community College*, 205 F.3d 1040, 1043 (8th Cir. 2000)). The court in considering a motion to dismiss that raises the issue of subject matter jurisdiction or sovereign immunity, need not confine its evaluation to the face of the complaint and may consider affidavits and other evidence. *Id.*

It is well-established that Indian tribes possess common law immunity from suit traditionally enjoyed by sovereign powers. *See Bassett*, 221 F.Supp.2d at 277. "As a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived immunity." *Id.* "[T]ribal immunity may extend to entities that are agencies of the tribe, [] as well as 'individual tribal officials within their representative capacity and within the scope of their official authority." *Id.* at 277 (internal citations omitted). *See also Trudgeon*

*v. Fantasy Springs Casino*, 84 Cal.Rptr.2d 65 (Cal. App., 4th Dist. 1999)(affirming dismissal of claims against non-Indian employees due to application of sovereign immunity); *Bassett v. Mashantucket Pequot Museum and Research Center, Inc.*, 221 F.Supp.2d 271 (D. Conn. 2002)(same); *Romanella v. Hayward*, 933 F.Supp. 163, 167-68 (D. Conn. 1996) *aff'd Romanella v. Hayward*, 114 F.3d 15 (2nd Cir. 1997).

Here, the Plaintiff's Complaint avers that it was at Harrah's Alabama Corporation's establishment where the jackpot was won. Though the undisputed facts show that this was not the case, to the extent the Plaintiff contends otherwise, Harrah's Alabama Corporation is entitled to the same tribal sovereign immunity afforded the Poarch Band of Creek Indians. In other words, Harrah's Alabama Corporation could only operate the establishment as an agent or representative of the tribe. This fact, as well as the fact that the establishment is located on Indian reservation property and is run for the economic and social benefit of the Poarch Band of Creek Indians, extends tribal sovereign immunity to Harrah's Alabama Corporation.

## **CONCLUSION**

The Complaint fails to state a claim for relief against Defendant Harrah's Alabama Corporation. Not only does the Complaint fail to state a claim against it, but even if it did, Harrah's Alabama Corporation is entitled to tribal sovereign immunity and to have the Tribal Court of the Poarch Band of Creek Indians preside over the Plaintiff's claims. For these reasons, Harrah's Alabama Corporation requests that it be dismissed as a Defendant in this action and that costs of defense be taxed against the Plaintiff.

_____
R. AUSTIN HUFFAKER, JR. (ASB-3422-F55R)
Attorney for Defendant
Harrah's Alabama Corporation

RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101
Telephone: (334) 206-3100
Facsimile: (334) 262-6277
Email: RAH2RSJG.COM

## CERTIFICATE OF SERVICE

I do hereby certify that on the __2nd__ day of May, <u>2005</u>, I caused a true and correct copy of the foregoing document to be served *by United States Mail* to the following counsel of record:

Christopher E. Sanspree
Beasley, Allen, Crow, Methvin, Portis & Miles P.C.
Post Office Box 4160
Montgomery, AL  36103-4160

_____
OF COUNSEL